UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BARBARA WILDE, on behalf of herself and all others similarly situated, | § § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § § | **CLASS ACTION COMPLAINT** **JURY TRIAL DEMANDED** |
| Ocean Canyon Properties, Inc., | § § | |
| Defendant. | § § § § | |

**NOW COMES** Barbara Wilde ("Plaintiff"), by and through the undersigned counsel, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Truth in Lending Act, 15 U.S.C. 1601 *et seq*., the Telephone Consumer Protection Act, 47 U.S.C. § 227; and the Texas Deceptive Trade Practices Act, Tex. Bus. and Com. Code § 17.46.

2. Defendant misrepresented the costs and benefits and otherwise made inadequate and inaccurate disclosures regarding a camping resort membership it sold to Plaintiff and many other similarly situated consumers.

3.       Defendant's misrepresentations and inadequate and inaccurate disclosures caused Plaintiff and many other similarly situated consumers to enter into a transaction that they otherwise would not have entered into but for Defendant's deception.

## JURISDICTION AND VENUE

4.       Subject matter jurisdiction is conferred upon this Court by the Truth in Lending Act ("TILA"), the Telephone Consumer Protection Act ("TCPA"), and 28 U.S.C. §§ 1331 as the action arises under the laws of the United States. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant resides and transacts business in this District, and a substantial part of the acts or omissions giving rise to this action occurred in this District.

## PARTIES

6.       Plaintiff Barbara Wilde ("Plaintiff") is a natural person residing in Midlothian, Texas.

7.       Plaintiff is a "consumer" as defined by the Tex. Bus. and Com. Code §§ 17.50(a)(1) and 20.01(2), and Texas Fin. Code § 392.001(1); a "person" as defined by 15 U.S.C. § 1602(e); and a "purchaser" as defined by Tex. Prop. Code § 222.003(18).

8.       Defendant Ocean Canyon Properties, Inc. ("Defendant") is corporation organized under the laws of the State of Nevada with its principal place of business located at 1001 Walnut Street, Texarkana, TX 75501.

9.       Defendant is a "creditor" as defined by 15 U.S.C. § 1602(g); an "operator" as defined by Tex. Prop. Code § 222.003(15); and a "seller" as defined by Tex. Prop. Code § 222.003(22).

## FACTUAL ALLEGATIONS

10.     In or about late December 2016, Plaintiff brought her RV to the Camping World location in Fort Worth, Texas, to be serviced.

11.     While paying for services completed on her RV, Camping World asked Plaintiff if she would like to join the "Good Sam Club" and receive discounts on fuel, dining, and shopping, among other benefits.

12.     Plaintiff, a retired widow who lives on a fixed income and spends a lot of time in her RV visiting family and friends, decided to join the Good Sam Club to help her save money on travel and RV-related expenses.

13.     In or about late December 2016, almost immediately after joining the Good Sam Club, Plaintiff received a solicitation letter from Defendant inviting her to visit the Tres Rios Resort in Glen Rose, Texas. The solicitation letter did not include the disclosures required by Tex. Prop. Code § 222.006(a).

14.     Plaintiff accepted Defendant's invitation to visit the Tres Rios Resort and met with Defendant's representatives at their office located at 2322 County Road 312, Glen Rose, TX 76043.

15.     Defendant convinced Plaintiff that purchasing a camping resort membership from Defendant would provide significant benefits at an affordable price of no more than $300 a month but would require a down payment of $3500 to purchase a membership.

16.     Plaintiff told Defendant that she did not have the $3500 requested down payment. Defendant offered to open a credit card in Plaintiff's name in order for her to make the down payment to Defendant, and again reassured Plaintiff her total monthly cost would not exceed $300.

17. Based on the representations made by Defendant, Plaintiff entered into a "membership camping contract" as that term is defined by Tex. Prop. Code § 222.003(8) with Defendant on or about January 13, 2017 (referred to hereafter as the "Membership Agreement").

18. Defendant did not provide Plaintiff with a membership camping resort disclosure statement and did not obtain from Plaintiff a written acknowledgment of receipt, as required by Tex. Prop. Code § 222.006(b).

19. Defendant did not provide Plaintiff with a reciprocal program disclosure statement as required by Tex. Prop. Code § 222.006(c).

20. The Membership Agreement does not contain the items required by Tex. Prop. Code §§ 222.007(b)(1), (6), (7), (11), (12); § 222.007(c); and § 222.007(d).

21. The Membership Agreement does not accurately or fully state Plaintiff's right to cancel pursuant to Tex. Prop. Code § 222.008.

22. Defendant opened a "Good Sam / Camping World" credit card in Plaintiff's name and immediately charged $3500 – the credit card limit – on January 11, 2017.

23. Defendant did not provide Plaintiff with any disclosures in connection with the open-end credit card it opened in her name, in violation of 15 U.S.C. § 1637 and 12 C.F.R. § 1026.6(b).

24. Defendant offered to finance the transaction and provided Plaintiff an "Installment Note and Security Agreement (the Note)" to execute. The Note stated that the total financed amount was $10,470, with an annual percentage rate ("APR") of 16.9%, payable over the course of 60 months with monthly payments of $259.64 starting on February 22, 2017.

25.     Defendant was not licensed by the Texas OCCC as a "lender" as required at the time that Defendant offered and entered into the Membership Agreement and Note in violation of Tex. Fin. Code § 349.051.

26.     Defendant was not registered with the Texas Secretary of State at the time it offered a membership interest to Plaintiff as required by Tex. Prop. Code § 222.004, nor had it complied with the registration requirements for membership camping contract brokers imposed by Tex. Prop. Code § 222.005.

27.     The APR and Finance Charge contained in the Note were not displayed clearly and conspicuously or more prominently than other disclosures as required by 15 U.S.C § 1632(a) and 12 C.F.R. § 1026.17(a).

28.     Defendant understated and misrepresented the Amount Financed by failing to deduct prepaid finance charges in accordance with 15 U.S.C. § 1638(a)(2) and 12 C.F.R. § 1026.18(b)(3).

29.     Defendant understated and misrepresented the Finance Charge in violation of 15 U.S.C. §§ 1605 and 1638(a)(3), and 12 C.F. R. § 1026.18(d).

30.     Defendant listed the Total Sales Price as $13,970, and thereby understated and misrepresented the total cost of the transaction by thousands of dollars in violation of 15 U.S.C § 1638(a)(7) and 12 C.F.R. § 1026.18(j).

31.     Plaintiff relied on Defendant's false representations concerning the Total Sale Price, Amount Financed, and Finance Charge when she entered into the Membership Agreement and Note. Plaintiff would not have entered into the Membership Agreement and Note had Defendant truthfully disclosed that it would cost her nearly $20,000.

32. Approximately one month after executing the Note, Plaintiff received a billing statement for the credit card used to make the down payment as well as a bill for "Annual Maintenance Dues" in the amount of $535. Only then did Plaintiff realize that in addition to the $259.64 monthly payment due under the Note, she was also being asked to make a monthly payment on the maxed-out credit card that was now incurring fees and interest charges, and also needed to make another $535 payment to Defendant for maintenance fees.

33. When Plaintiff was unable to make the payments to Defendant, Defendant began to attempt to collect the alleged debt through phone calls and letters to Plaintiff.

34. Plaintiff explained to Defendant that she could not afford to make the payments. Defendant told Plaintiff her only option to avoid paying the alleged debt was to file bankruptcy.

35. At the time of the calls placed by Defendant, Plaintiff was the sole subscriber, user, owner, and possessor and of her cell phone assigned the number ending in 7485. Plaintiff is and has been financially responsible for this cell phone.

36. On or about May 22, 2017, Defendant placed a call to Plaintiff's cell phone at approximately 11:53 am. During that call Plaintiff told Defendant not to call her again and thereby withdrew any prior consent to call granted to Defendant.

37. Regardless of Plaintiff's directive not to call her again, Defendant placed at least 68 more calls to her cell phone between May 22, 2017 and October 27, 2017, in in violation of 47 U.S.C. § 227.

38. In the phone calls placed by Defendant, Plaintiff was greeted by "dead air" while Defendant's phone system attempted to connect Plaintiff to a live agent.

39. Upon information and belief, Defendant placed its calls to Plaintiff's cell phone using a predictive dialing system, an automated telephone dialing system that is commonly used in debt collection.

40. Defendant's actions have caused Plaintiff actual harm, including but not limited to emotional distress, anxiety, and damage to her credit rating and standing.

## CLASS ALLEGATIONS

41. Defendant unlawfully advertised, offered, sold and financed the sale of a camping resort membership to Plaintiff and others similarly situated.

42. Defendant placed phone calls to Plaintiff's and other similarly situated consumers' cell phones utilizing an automatic dialing system without their express consent.

43. Upon information and belief, Defendant has on more than fifty (50) occasions within the past one (1) year has provided consumers with loan disclosure statements that understated and misrepresented the terms and cost of the transaction.

44. Upon information and belief, Defendant has on more than fifty (50) occasions within the past four (4) years engaged in the business of making, transacting, or negotiating loans without being licensed as required pursuant to Tex. Fin. Code § 342.051(a).

45. Upon information and belief, Defendant has on more than fifty (50) occasions within the past two (2) years failed to make the disclosures required by the Texas Camping Resort Membership Act, Tex. Prop. Code § 222.001, before, during, and after engaging in the unauthorized offering and sale of camping resort memberships to consumers.

46. Upon information and belief, Defendant has placed phone calls to fifty (50) or more consumers' cell phones utilizing an automatic dialing system without consent, or after

consumers revoked any previously-granted consent to be called by Defendant within the last four (4) years.

47. Plaintiff brings this action individually and as a class action.

48. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify four (4) classes.

49. The first class Plaintiff seeks to certify is defined hereinafter as the "TILA Class":

> *All consumers that received from Defendant a loan disclosure statement containing an understated Total Sales Price, Amount Financed, and/or Finance Charge within one year of the date of the filing of this Complaint.*

50. The second class that Plaintiff seeks to certify is defined hereinafter as the "TCPA Class (2)":

> *Any person in the United States who (1) Defendants or its agents placed a call; (2) to that person's cellular telephone number; (3) through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendants have no record of prior express consent for such individual to make such call or where the individual revoked consent, within four (4) years prior to the filing of the Complaint through the date of final approval.*

51. The third class that Plaintiff seeks to certify is defined hereinafter as the "DTPA Class (3)":

> *All persons to whom Defendant offered or sold a camping membership resort to without having complied with the registration requirements under the Texas Membership Camping Resort Act, Tex. Prop. Code Sections 222.004 and 222.00, within two years of the date of filing this Complaint.*

52. The fourth class that Plaintiff seeks to certify is defined hereinafter as the "TFC Class (4)":

> *All persons to whom Defendant made a consumer loan to without having been licensed as an authorized lender as required pursuant to Tex. Fin. Code § 342.051 within four (4) years prior to the filing of the Complaint.*

## *Rule 23(a) Requirements*

### *Numerosity*

53. Plaintiff does not know the number of members in each class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

54. Plaintiff and members of the classes were harmed by the acts of Defendant in the following ways:

- Defendant unlawfully advertised, offered, sold and financed the sale of a camping resort membership to Plaintiff and other class members.

- Before, during, and after consummating the sale, Defendant failed to make certain required disclosures to Plaintiff and class members and provided consumers with loan disclosure statements that understated and misrepresented the terms and cost of the transaction.

- Defendant, either directly or through its agents, illegally contacted Plaintiff and class members via their cellular telephones by using unsolicited text messages, thereby causing Plaintiff and class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the class members previously paid, and invading the privacy of said Plaintiff and class members. Plaintiff and the class members were damaged thereby.

55. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the definitions of the classes to seek recovery on behalf of additional persons as warranted as facts are learned in further

investigation and discovery.

56. The joinder of the class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The classes can be identified through Defendant's records or Defendant's agents' records.

57. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.

58. The questions of law and fact to the TILA Class predominate over questions which may affect individual TILA Class members, including the following:

   a. Whether Defendant failed to provide clear and conspicuous disclosure of the APR and Finance Charge contained in the promissory note utilized by Defendant during the last year; and,

   b. Whether Defendant understated and misrepresented the Amount Financed, Finance Charge, and Total Sales Price in the promissory note utilized by Defendant during the last year.

59. The questions of law and fact to the TCPA Class predominate over questions which may affect individual TCPA Class members, including the following:

   a. Whether, within four years prior to the filing of the original Complaint through the date of final approval, Defendants or its agents sent text messages without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system, to any telephone number assigned to a cellular telephone service;

   b. Whether the equipment Defendant, or its agents, used to make the telephone calls

in question was an automatic telephone dialing system as contemplated by the TCPA;

    c.     Whether Defendant, or its agents, systematically sent text messages to persons who did not previously provide Defendant with their prior express consent to receive such text messages;

    d.     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e.     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

60. The questions of law and fact to the DTPA Class predominate over questions which may affect individual DTPA Class members, including the following:

    a.     Whether Defendant complied with the disclosure requirements set forth in the Texas Property Code when offering, selling or financing the sale of membership camping resorts to consumers within the last two (2) years prior to filing the Complaint;

    b.     Whether Defendant was registered with the Texas Secretary of State at the time it offered a membership interest to Plaintiff and the class members within the last two (2) years prior to filing the Complaint;

    c.     Whether Defendant complied with the registration requirements for membership camping contract brokers prior to offering a membership interest to Plaintiff and the class members within the last two (2) years prior to filing the Complaint;

61. The questions of law and fact to the TFC Class predominate over questions which may affect individual TFC Class members, including the following:

    a.    Whether Defendant was licensed as an authorized lender to make consumer loans at the time it offered, negotiated and made a loan to Plaintiff and the class member within four (4) years prior to filing the Complaint.

    b.    Whether offering, negotiating, and making loans when not licensed and authorized to do so is a material violation of the Texas Financial Code.

62.    Therefore, the estimated number of class members for each class is in excess of fifty (50) persons.

### *Commonality*

63.    All members of the TILA, TCPA, TFC and DTPA Classes (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Defendant.

64.    Common evidence, in particular (1) a list of persons to whom Defendant sent promotional materials offering camping resort memberships, 2) a list of persons to whom Defendant sold camping resort memberships, 3) a list of persons to whom Defendant made loans to finance the purchase of a camping resort membership, 4) phone records showing to whom Defendant placed phone calls, will drive resolution of the claims of the Classes.

65.    Statutory relief under the TILA, TCPA, DTPA, and TFC is directed based upon the common conduct of Defendant, and not the subjective, individual experiences of members of the Classes.

### *Typicality*

66.    Plaintiff has the same claims to statutory relief as do all other members of the Classes.

67. Any defenses that Defendant may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the Classes.

### *Adequacy*

68. Plaintiff brings this lawsuit after an extensive investigation of Defendant's alleged misconduct.

69. Plaintiff brings this lawsuit with the intention to stop Defendant's unlawful practices and recovery statutory remedies for all consumers affected.

70. Plaintiff will continue to vigorously pursue relief for the Classes.

71. Plaintiff's counsel, the Consumer Justice Center, P.A, Law Office of Trista Johnson, and Price Law Group, have been certified as class counsel in numerous of class actions enforcing consumer rights laws in the United States federal courts.

72. Plaintiff's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

### *Rule 23(b)(3)*

### *Predominance/Superiority*

### *Predominance*

73. Statutory relief under the TILA, TCPA, DTPA and the Tex. Fin. Code follows from facts that Defendant acted in a manner common to the entire class and not the subjective experience of any one complainant.

74. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the three classes.

*Superiority*

75. Plaintiff and her counsel are not aware of any other pending actions against Defendant.

76. Members of the Classes have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

77. Upon information and belief, few if any members of the Classes are fully aware that Defendant's actions were unlawful.

78. The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## TRIAL BY JURY

79. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE TRUTH IN LENDING ACT – 15 U.S.C. § 1601 et. seq.

80. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

81. One of the primary purposes of the TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

82. The TILA is a remedial act intended to "penalize noncomplying creditors and deter future violations" and to protect consumers and, as such, its provisions are to be liberally construed in favor of consumers.

83. Defendant failed to provide clear and conspicuous disclosure of the APR and Finance Charge contained in the Note in violation of the TILA and Regulation Z.

84. In addition, Defendant understated and misrepresented the Amount Financed, Finance Charge, and Total Sales Price, all in violation of the TILA and Regulation Z.

85. Defendant's actions were intentional.

86. As a result of Defendant's unlawful actions and its failure to provide the required disclosures or misrepresentation of the terms, Plaintiff has been damaged and is entitled to monetary relief and other damages, as provided by the TILA.

## COUNT II

## VIOLATIONS OF THE TCPA - 47 U.S.C. § 227

87. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

88. Defendant repeatedly placed or caused to be placed non-emergency calls, including but not limited to the above-referenced calls, to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

89. Defendant willfully violated the TCPA by placing no less than 77 phone calls to Plaintiff's cell phone between May 22, 2017 and October 27, 2017, without her prior express consent.

90. Any prior consent was revoked by Plaintiff's verbal revocation(s), including but not limited to the revocation on May 22, 2017.

91.     Defendant is liable to Plaintiff for a minimum of $500 per call, pursuant to 47 U.S.C. § 227(b)(3)(B), and up to $1500 per call, pursuant to 47 U.S.C. § 227(b)(3)(C) for its willful and knowing violations.

## COUNT III

## VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES ACT – Tex. Bus. & Com. Code § 17.46

92.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

93.     In its dealings with Plaintiff, Defendant did not comply with the disclosure requirements set forth in Tex. Prop. Code §§ 222.006, 222.007, and 222.008.

94.     Defendant was not registered with the Texas Secretary of State at the time it offered a membership interest to Plaintiff as required by Tex. Prop. Code § 222.004, nor had it complied with the registration requirements for membership camping contract brokers imposed by Tex. Prop. Code § 222.005.

95.     Defendant's course of conduct, in order to secure the sale of a camping resort membership to Plaintiff, was unconscionable within the meaning of Tex. Bus. & Com. Code § 17.50.

96.     Pursuant to Tex. Prop. Code § 222.011, Defendant's violations of the Texas Membership Camping Resort Act were false, misleading and/or deceptive acts or practices within the meaning of the Tex. Bus. & Com. Code § 17.46, the Deceptive Trade Practices – Consumer Protection Act.

97.     Defendant is liable to Plaintiff for economic damages, mental anguish, damages, attorney's fees, interest, and expenses.

## COUNT IV

## VIOLATIONS OF THE TEXAS FINANCE CODE – Tex. Fin. Code § 341.004

98. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

99. Defendant was not licensed as an authorized lender to make consumer loans as required by Tex. Fin. Code §§ 341.004 and 342.051 at the time it offered, negotiated and made a loan to Plaintiff

100. Defendant's violation of the Tex. Fin. Code was material and induced Plaintiff into a transaction she would not have entered into had she known Defendant was not licensed to engage in the business of making consumer loans.

101. Pursuant to Tex. Fin. Code § 349.003, Defendant is liable to Plaintiff Defendant is liable to Plaintiff for economic damages, statutory damages, and attorney's fees.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- certifying the action as a class;
- ordering that Plaintiff be named as class representative;
- ordering that Plaintiff's counsel be named as class counsel;
- awarding Plaintiff and the TILA Class appropriate statutory and punitive damages for violating the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*;
- awarding Plaintiff and the TILA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. § 1640;
- awarding Plaintiff and the TCPA Class appropriate statutory damages for violating 47 U.S.C. § 227;
- awarding Plaintiff and the DTPA Class appropriate damages for violating the Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46;
- awarding Plaintiff and the DTPA Class costs and reasonable attorney's fees and post-judgment interest pursuant to Tex. Bus. & Com. Code § 17.50;
- an order pursuant to Tex. Bus. & Com. Code § 17.50 enjoining the Defendant from further violations of the Deceptive Trade Practices Act;
- awarding Plaintiff and the Tex. Fin. Code Class appropriate actual and statutory damages and attorney's fees and costs pursuant to Tex. Fin. Code §§ 349.003 and 349.403;
- any other appropriate declaratory and/or injunctive relief; and

- such other and further relief as the court deems just and equitable.

Dated this 18th day of July, 2018.   Respectfully Submitted,

                                                           **LAW OFFICE OF TRISTA JOHNSON**

                                                           */s/ Trista M. Johnson*
Trista M. Johnson
Texas State Bar No. 24101089
1712 N. Frazier Street, Suite 212C
Conroe, TX 77301
Telephone: 936.570.0575
Email: trista@txconsumerlawyer.com

**ATTORNEY FOR PLAINTIFF**