IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BARBARA WILDE, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action 5:18-cv-00089-RWS |
| v. | § § | |
| OCEAN CANYON PROPERTIES, INC., | § § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

DEFENDANT OCEAN CANYON PROPERTIES, INC.'S MOTION
TO DISMISS, MOTION TO STRIKE CLASS CLAIMS,
AND BRIEF IN SUPPORT

Defendant Ocean Canyon Properties, Inc. ("Ocean Canyon") respectfully moves, pursuant to

Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure, to dismiss all counts of Plaintiff's

Class Action Complaint (Doc. No. 1), which alleges violations of the Truth in Lending Act, 15 U.S.C.

§ 1601, the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Texas Deceptive Trade Practices

Act, Tex. Bus. & Com. Code § 17.46, and the Texas Finance Code, Tex. Fin. Code § 341.004, and

further moves to strike Plaintiff's class allegations pursuant to Rules 12(f) and 23(d)(1)(D).

I.      Table of Contents ……………………………………………………………   2

II.     Statement of Issues to be Decided by the Court…………………………………   3

III.    Factual Background……………………………………………………………   4

IV.     Argument – Motion to Dismiss…………………………………………………..   4

        a.  TILA – Plaintiff's TILA claims are time-barred.  ……………………………   4

        b.  TILA – Plaintiff failed to plead detrimental reliance –
            a necessary element of a TILA damages suit.  ………………………………...   5

        c.  DTPA – Wilde failed to meet her obligation under Rule 9.  …………………...   6

        d.  DTPA – Wilde failed to plead that Ocean Canyon's alleged
            DTPA violations produced her alleged damage.  …………………………….   7

        e.  TCPA – Plaintiff failed to plead facts under *Twombly* and
            *Iqbal* sufficient to support her TCPA claim.  …………………………………   8

        f.  Plaintiff's failure to plead economic damages renders
            her TFC claims unviable.  …………………………………………………...  10

V.      Argument – Motion to Strike Class Claims…………………………………………...  12

        a.  TCPA – Plaintiff's failure to demonstrate commonality
            precludes her from serving as representative of the class
            she describes.  ………………………………………………………………..  12

        b.  TCPA – The lack of commonality precludes a finding of
            predominance.  …………………………………………………………………  14

        c.  DTPA – Plaintiff's DTPA class claims also fail to demonstrate
            predominance.  ………………………………………………………………….  15

VI.     Conclusion……………………………………………………………………...  17

## II.    Statement of Issues to be Decided by the Court

**a.** Whether Plaintiff's Truth in Lending Act claims are time-barred and should be dismissed for failure to state a claim on which relief can be granted.

**b.** Whether Plaintiff failed to plead detrimental reliance, which is a necessary element of a Truth in Lending Act damages suit, and whether these claims should be dismissed.

**c.** Whether Plaintiff failed to meet her obligation under Rule 9(b) to plead her Texas Deceptive Trade Practices Act claims with specificity, and whether they should be dismissed.

**d.** Whether Plaintiff failed to plead that Defendant's alleged Texas Deceptive Trade Practices Act claims produced her alleged damages, and so whether these claims should be dismissed.

**e.** Whether Plaintiff failed to plead facts under *Twombly* and *Iqbal* sufficient to plausibly support her Telephone Consumer Protection Act claims, and so whether they should be dismissed.

**f.** Whether Plaintiff failed to plead economic damages, rendering her Texas Finance Code claims unviable, and so whether they should be dismissed.

**g.** Whether Plaintiff failed to plead commonality of the putative class regarding the Telephone Consumer Protection Act, and so whether these class claims should be struck.

**h.** Whether the class's lack of commonality precludes a finding of predominance regarding Plaintiff's and class's Telephone Consumer Protection Act claims, and so whether they should be struck.

      **i.** Whether Plaintiff's Texas Deceptive Trade Practices Act class claims fail to demonstrate predominance, and so whether they should be struck.

### III.   Factual Background

Ocean Canyon is a Membership Camping Resort that operates camping site resorts and RV parks in Texas, Arkansas, Louisiana, Oklahoma, Alabama and Missouri for its members.  It operates in Texas under Membership Camping Resort Certificate of Registration #20160001.  *See* Exhibit 1. Resorts are advertised at various places including RV retailers, and Memberships to Ocean Canyon are offered at such resorts for a fee.  New members pay their membership fees in whole at the time of enrollment, or pursuant to an installment note by which the member pays the membership fee over time, along with annual maintenance dues.  Ocean Canyon attempts to collect late and unpaid membership payments and, after a lengthy period of non-payment, terminates the membership.

The allegations in this case involve the enrollment of the Plaintiff—and only the Plaintiff, in such a membership, and Ocean Canyon's alleged attempts to collect her unpaid membership payments. As the Court will find, Plaintiff's claims have been brought outside the statute of limitations, she has failed to plead the required elements for a claim under the Truth in Lending Act ("TILA"), Telephone Consumer Protection Act, ("TCPA"), Texas Deceptive Trade Practices Act ("DTPA") or Texas Finance Code ("TFC"), and she has failed to plead the requirements for class certification.  As a result, Ocean Canyon is respectfully asking the Court to dismiss each of Plaintiff's causes of action, and/or to strike her class claims.

### IV.   Argument – Motion to Dismiss

#### a.   TILA - Plaintiff's TILA claims are time-barred.

A civil action for damages filed under the TILA may not be brought more than one (1) year

after the date on which the violation is committed.  15 U.S.C.A. § 1640(e) (West 2010).  Dismissal

for failure to state a claim on which relief can be granted is appropriate when the pleadings confirm

that the claims arose outside of the statute of limitations. *See Bittinger v. Wells Fargo Bank NA,* 744

F. Supp. 2d 619, 628 (S.D. Tex. 2010).

Here, Plaintiff alleges that she entered into a "membership camping contract" on or about

January 13, 2017.  (Doc. No. 1 ¶ 17.)  She further alleges that Defendant opened a "Good

Sam/Camping World" credit card in Plaintiff's name on January 11, 2017.  (Doc. No. 1 ¶ 22.)

According to Plaintiff, Defendant offered to finance the transaction with monthly payments of $259.64

starting on February 22, 2017.  (Doc. No. 1 ¶ 24.)  Assuming that Plaintiff's claims are true for the

sole purposes of this motion, her claims must have arisen no later than sometime before the first

payment date—February 22, 2017, and most likely would have arisen sometime between January 11,

2017 and January 13, 2017.  As a result of Plaintiff's filing suit on July 18, 2018, Plaintiff's claims for

acts described above are time-barred as falling outside of the one-year statute of limitation.  Plaintiff's

allegations about Ocean Canyon cannot successfully state a claim under TILA, because the violations

alleged by Plaintiff occurred more than one year prior to the date of the Class Action Complaint

("CAC"). Accordingly, this Court should dismiss Plaintiff's TILA allegations for failure to state a

claim upon which relief may be granted.

b.      **TILA - Plaintiff failed to plead detrimental reliance – a necessary element of a TILA damages suit.**

In a TILA claim, individual reliance is necessary to prove actual damages.  *Perrone v. Gen.*

*Motors Acceptance Corp.*, 232 F.3d 433, 440 (5th Cir. 2000).  In order to bring a successful claim, the

Plaintiff must plead and prove (1) that she read the TILA disclosures, (2) that she understood them,

(3) that, had the disclosures been accurate, she would have sought better terms, and (4) that she

ultimately would have received better terms.  *See id*. at 437 (citing *Peters v. Lupient Oldsmobile Co.,* 220 F.3d 915, 917 (8th Cir. 2000)).

Reading Plaintiff's complaint in the light most favorable to her, she fails to plead, *inter alia*, that she relied on any TILA disclosure or non-disclosure, in order to make her decision.  She instead merely makes the conclusory statement that she "relied on Defendant's false representations concerning the [terms]," and that she "would not have entered into the Membership Agreement had Defendant truthfully disclosed that it would cost her nearly $20,000."  (Doc. No. 1 ¶ 31.) These allegations simply do not meet the standard of *Perrone* as described above.  Therefore, Plaintiff's TILA allegations are inadequately pleaded and should be dismissed for failure to state a claim upon which relief may be granted.

c.      **DTPA – Plaintiff failed to meet her obligation under Rule 9.**

Texas DTPA claims, like fraud claims, are subject to the specificity requirements of Rule 9(b). *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at 14 (N.D. Tex. Aug. 26, 2010). Failure to comply with Rule 9(b)'s requirements allows the Court to dismiss the matter as failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at 3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Technologies, Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002).  Generalized pleadings are not enough.  *See United States ex. rel. Wall v. Vista Hospice Care,*

*Inc.,* 778 F.Supp.2d 709, 723 (N.D. Tex. 2011).

Here, Wilde does not specify any statements made, instead making generalized allegations. The following are provided as examples of Plaintiff's shortfall:

*Defendant convinced Plaintiff that purchasing a camping resort membership from Defendant would provide significant benefits at an affordable price…* (Doc. No. 1 ¶ 15.)

*Defendant offered to open a credit card in Plaintiff's name in order for her to make the down payment to Defendant, and again reassured her total monthly cost would not exceed $300.* (Doc. No. 1 ¶ 16.)

*Defendant understated and misrepresented the Amount Financed by failing to deduct prepaid finance charges…*(Doc. No. 1 ¶ 28.)

Wilde's CAC reveals significant deficiencies in that she fails to identify the statement contended to be fraudulent, the speaker, the when, the where and the why. The DTPA claims as pleaded should therefore be dismissed.

**d.      DTPA – Plaintiff failed to plead that Ocean Canyon's alleged DTPA violations produced her alleged damages.**

To succeed on a DTPA claim, a Plaintiff must show that a Defendant's purported action in violation of the DTPA was a producing cause of the Plaintiff's damages. *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 Fed. Appx. 240, 249 (5th Cir. 2015); *see also Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479-80 (Tex. 1995).  In this case, Wilde does not even plead that Ocean Canyon's alleged failures under the DTPA were the cause of Wilde's damages that she is seeking. Wilde alleges that Ocean Canyon did not comply with disclosure requirements as required by Texas Property Code Sections 222.006, 222.007, and 222.008, nor had it complied with registration

requirements under Texas Property Code Section 222.004 and 222.005.  (Doc. No. 1, ¶¶ 93-94.)

However, nowhere in these paragraphs, nor in Paragraphs 13, 18, 19, 20, 21, nor 26 in the "Factual

Allegations" does Wilde connect these alleged violations of the DTPA with damages that she allegedly

suffered.  (Doc. No. 1 ¶¶ 13; 18-21; 26.)  Therefore, Wilde cannot succeed on her DTPA claims and

they should be dismissed.

e.      **TCPA - Plaintiff failed to plead facts under *Twombly* and *Iqbal* sufficient to support her TCPA claim.**

A purported cause of action may be dismissed when the complaint fails to state a claim upon

which relief can be granted.  Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule

12(b)(6), the complaint must meet two criteria: 1) it must assert a plausible claim; and, it must set forth

sufficient factual allegations to support the claim.  *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Twombly*, 550 U.S. 544, 570); *see also Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-

38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory).

In *Twombly*, the Supreme Court squarely rejected the Rule 12(b)(6) standard set forth under

*Conley v. Gibson*, 355 U.S. 41 , 45-46 (1957).  550 U.S. at 561-63.  More than an "unadorned the-

defendant-unlawfully-harmed me accusation" is required.  *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550

U.S. at 555).  Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked

assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Id*.

Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Id*. (citing *Twombly* at 570). A claim has facial plausibility when the

plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the

defendant is liable under the alleged claim. *Id.*  "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Mere "conclusory" allegations are "not entitled to be assumed true." *Id.* at 681.  Even if a court decides that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *See id.* at 682.

For Wilde's TCPA claim, she must plead and ultimately prove facts that support the claim that Ocean Canyon uses an automated telephone dialing system ("ATDS").  47 U.S.C. § 227(b)(1)(A). She does not.

Wilde claims that Ocean Canyon called her after she revoked any previous consent to call her – purportedly a violation under the TCPA.  (Doc. No. 1 ¶¶ 33, 35, 36, 37 and 38.) (describes "calls" made to her).  She then, without support, recites the conclusion: "[u]pon information and belief, Defendant placed its calls to Plaintiff's cell phone using a predictive dialing system, an automated telephone dialing system that is commonly used in debt collection." (Doc. No. 1 ¶ 39.)  This is exactly the type of "unadorned the-defendant-unlawfully-harmed me accusation" that was expressly denounced in *Iqbal*.

Wilde then attempts to springboard from calls made "[u]pon information and belief" by an ATDS, to text messages, by claiming "[d]efendant…illegally contacted Plaintiff and class members via their cellular telephones by using unsolicited text messages…." (Doc. No. 1 ¶ 54.)  This is another conclusory allegation orphaned from factual content.

Finally, without divulging anything other than "information and belief" about ATDS use, and zero instances of Ocean Canyon texting her, or anyone, Wilde relates these actions to an entire class of persons claiming:

"The questions of law and fact to the TCPA class…include…[w]hether, within four years prior to the filing of the original Complaint through the date of final approval, Defendants or its agents sent text messages without the recipients' prior express consent."  (Doc. No. 1, ¶ 59.)

Wilde's conclusory statements and unsupported accusations are "not entitled to be assumed true."  The reality is that Ms. Wilde cannot point to a single instance, and certainly didn't plead a certain instance, where Ocean Canyon contacted her, or anyone "using unsolicited text messages," or text messages of any kind, whatsoever.

Wilde's TCPA claims should be dismissed.

**f.       Plaintiff's failure to plead economic damages renders her TFC claims unviable.**

Civil liability for omissions under the TFC arises from § 349.003, which allows a party to recover:

1.  Actual damages; or

2.  In the event of material omissions which induced a transaction which would have been avoided, but for the omissions, twice the contract interest (capped at $2,000 for transactions less than $4,000, and $4,000 for all others).  Tex. Fin. Code Ann. § 349.003 (West 1997).[1]

Chapter 41 of the Texas Civil Practice and Remedies Code limits recovery under the TFC and establishes the maximum recovery for exemplary damages as two times the amount of economic damages.  Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (West 2009).  Furthermore, the Texas Civil Practice & Remedies Code provides that exemplary damages may be awarded only if damages other

---

[1] It is clear that these are exemplary damages, as they are awarded as a penalty and are not logically related to any actual economic loss.  Tex. Civ. Prac & Rem. Code § 41.001(5) (defining exemplary damages as "any damages awarded as a penalty or by way of punishment but not for compensatory purposes").

than nominal damages are awarded.  Tex. Civ. Prac. & Rem. Code Ann. § 41.004(a) (West 2003); *See also Wal-Mart Stores, Inc. v. Forte,* 497 S.W.3d 460, 467 (Tex. 2016).

Here, Plaintiff pleads that Ocean Canyon was not licensed as an authorized lender to make consumer loans as required by Texas Finance Code §§ 341.004 and 342.051 at the time it allegedly offered, negotiated and made a loan to her.  She further pleads that Ocean Canyon's alleged violation of the Texas Finance Code was material and induced her into a transaction she would not have entered into had she known Ocean Canyon was not licensed to engage in the business of making consumer loans.  However, she does not allege any actual economic loss.  Because Plaintiff has not pled that she suffered any actual economic harm as a result of the alleged licensure deficiency, she cannot recover any economic damages.  As a result, exemplary damages are not awardable pursuant to the Texas Civil Practice and Remedies Code § 41.004(a), and Plaintiff cannot recover under Section 349.003 of the Texas Finance Code.

Further, even if Plaintiff had pled economic harm, Chapter 41 provides that exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1)  fraud; (2) malice;  or (3)  gross negligence.  Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a) (West 2003).  It is not enough to prove that the defendant acted with ordinary negligence, bad faith, or a deceptive trade practice.  Tex. Civ. Prac. & Rem. Code Ann. § 41.003(b) (West 2003).  Here, she has not alleged that Ocean Canyon committed fraud, malice, or gross negligence.  As such, the exemplary damages provided for by Texas Finance Code § 349.003 are not recoverable.

Finally, since Plaintiff cannot recover the exemplary damages under Section 349.003 of the Texas Finance Code, she is not entitled to attorney's fees.  *See* Tex. Fin. Code Ann. § 349.003(b)

(West 1997).  As such, Plaintiff's claim(s) under the Texas Finance Code should be dismissed.

### V.       Argument – Motion to Strike Class Claims

In order to successfully bring a class action, the plaintiff must plead and prove that the alleged

class meets all four elements of Rule 23(a): numerosity; commonality; typicality; and adequacy. Fed.

R. Civ. P. 23(a)(1).   It is the plaintiff's burden to show that all of prerequisites for a class action have

been met. *Gunnells v. Healthplan Serv., Inc.*, 348 F.3d 417, 458 (4th Cir. 2003).  The Supreme Court

acknowledged that, when it is "plain enough from the pleadings" that the class is defective, dismissal

is appropriate. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Courts have also

considered motions to dismiss or strike class allegations under the authority of Rules 12(f) an

23(d)(1)(D).  *See*, *e.g.*, *Baker v. Home Depot USA, Inc.*, No. 11 C 6768, 2013 WL 271666, at 4 (N.D.

Ill. Jan. 24, 2013) ("Where pleadings are facially defective and definitively establish that a class action

cannot be maintained, the court can properly grant a motion to strike class allegations at the pleading

stage.") (internal quotation marks omitted)); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d

943, 949 (6th Cir. 2011).

### a.       TCPA – Plaintiff's failure to demonstrate commonality precludes her from serving as representative of the class she describes.

Commonality exists when there are "questions of law or fact common to the class," Fed. R.

Civ. P. 23(a)(2), that are resolvable class-wide, such that the adjudication of the common issue "will

resolve an issue that is central to the validity of each one of the claims in one stroke."  *WalMart Stores,*

*Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

In order to succeed on her TCPA claim, Plaintiff must show that Ocean Canyon:  (1) called

her cellular telephone number; (2) using an ATDS; (3) without her "prior express consent." 47 U.S.C.

§ 227(b)(1)(A); *See also Los Angeles Lakers, Inc. v. FDIC*, 869 F.3d 795, 804 (9th Cir. 2017).

Although "prior express consent" implies a declaration agreeing to receive autodialed calls, the

Federal Communications Commission ("FCC") promulgated a broader interpretation of this language.

Under an FCC ruling interpreting the TCPA, a debtor gives "prior express consent" to receive

autodialed calls from a creditor simply by providing a contact phone number during the debt creating

transaction. *In re* Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 FCC

Rcd. 559, 564 (2008).  Furthermore, consent may be revoked at any time. *In re* Rules and Regulations

Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7993 (2015); *see also Gager

v. Dell Fin. Serv.*, 727 F.3d 265, 270-71 (3d Cir. 2013).

Here, Plaintiff claims "[d]efendant willfully violated the TCPA by placing no less than 77

phone calls to Plaintiff's cell phone between May 22, 2017 and October 27, 2017, without her prior

express consent." (Doc. No. 1 ¶ 89).  She continues "[a]ny prior consent was revoked by Plaintiff's

verbal revocation(s), including but not limited to the revocation on May 22, 2017."  (Doc. No. 1, ¶

90).  As Plaintiff's pleading demonstrates, the successful resolution of her claim, and that of any

alleged class member, will depend on specific facts related to (1) whether or not there was "prior

express consent," (2) whether any such consent was ever revoked, and (2) if it was so revoked, whether

Ocean Canyon complied with such revocation.  The only question of law common to the class is

whether or not Ocean Canyon utilized an ATDS.  Issues of whether calls were made, whether such

calls were to a cellular phone, and the existence and revocation of consent, are fact issues which would

require a separate trial for each member of Plaintiff's alleged class.

Plaintiff's pleading also proves a lack of commonality regarding telephone calls and text

messages, which precludes the resolution of an "issue that is central to the validity of each one of the

claims in one stroke." *Dukes,* 564 U.S. at 350.  Plaintiff pleads that she received only calls, and no

text messages.  (*See* Doc. No. 1 ¶ 89).  Plaintiff, however, pleads that one of the questions of law and

fact that predominates over individual questions is whether or not Ocean Canyon sent text messages

without recipients' prior express consent. (Doc. No. 1 ¶ 59(a).)  Similarly, Plaintiff pleads that a

common question is whether Ocean Canyon "systematically sent text messages to persons who did

not previously" provide express consent to receive them, and whether and to what extent Plaintiff and

the class members were damaged from the messages.  (Doc. No. 1 ¶ 59(c).)  If all of Wilde's stated

issues were resolved, putative class members would still have the outstanding issue of alleged text

messages, thereby rendering individual suits superior to a class action in this matter.  These pleadings

show differences—not commonality, and therefore Plaintiff's TCPA class claims ought to be

dismissed.

Because Plaintiff cannot meet the commonality requirement, her class claims as to the TCPA

should be stricken.

**b.      TCPA – The pleaded lack of commonality precludes predominance.**

Plaintiff seeks certification under FRCP 23(b)(3).  (Doc. No. 1, ¶ 73.)  Rule 23(b)(3) requires

that the questions of law or fact common to the members of the class predominate over any questions

affecting individual members.  Fed. R. Civ. P. 23(b)(3).  Predominance is far more demanding than

commonality.  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).  When a TCPA

plaintiff cannot demonstrate the existence of common proof of consent and revocation, predominance

is absent and class certification is inappropriate.  *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318,

329 (5th Cir. 2008).

As demonstrated in Ocean Canyon's argument regarding commonality, the existence of

consent, the subsequent revocation of same, and Ocean Canyon's compliance or defiance of such

revocation cannot be established via common evidence, and instead must be evaluated on a claim-by-

claim basis.  Plaintiff's TCPA claim regarding alleged text messages sent from Ocean Canyon to

putative class members also fails the predominance standard.  Because Plaintiff does not allege that

she received text messages from Ocean Canyon, but that putative class members did receive them, the

issue of text messages cannot be demonstrated by common evidence and must be established on a

member-by-member basis.  Therefore, because Plaintiff cannot meet the predominance requirement,

her class claims as to the TCPA should be stricken.

**c.      DTPA – Plaintiff's DTPA class claims also fail to adequately plead predominance.**

Reliance is an element of Plaintiff's cause of action under the DTPA, and must be for all

putative class members, as well.  *Henry Schein, Inc. v. Stromboe*, 102 S.W. 3d 675, 692 (Tex. 2002).

Plaintiff has failed to show that individual questions of reliance by each putative class member do not

preclude the necessary finding of predominance under Rule 23(b)(3).  The Texas Supreme Court de-

certified the class in *Stromboe* because the plaintiff did not show that all the putative members of the

class relied on the defendant's statements so uniformly that common issues of reliance predominated

over individual issues. *See Stromboe* at 694.  In a similar vein, in *Perrone v. Gen. Motors Acceptance

Corp,* the Fifth Circuit stated, "[s]ince individual reliance is necessary to prove actual damages, a class

action may not be certified on this issue." 232 F.3d 433, 440 (5th Cir. 2000).

Here, Plaintiff has not shown—nor even alleged, that the supposed "thousands" of putative

class members relied on the alleged failures to disclose by Ocean Canyon when purchasing the

products at issue.  This is not a case in which it appears that a single producing cause (or reliance)—

or perhaps a very small number of violations—would be sufficient to cover all of the members of the

putative class, and so warrant a class action.  *Contra Alford Chevrolet-Geo v. Jones*, 91 S.W. 3d 396, 406 (Tx. Ct. App. 2002).   Rule 23(b)(3) requires that class treatment be far superior for the fair and efficient adjudication of the controversy.  *Southwestern Refining Co. v. Bernal*, 22 S.W. 3d 425, 437 (Tex. 2000).  It is not the far superior method in this case, and Ocean Canyon is therefore entitled to a fair opportunity for the individual determination of the reliance issue as to each of the putative class members separately.  *See id.*

A common question of fact regarding the amount of damages, or even the very existence of damages, is not common to the putative members of the class, as required by Rule 23(b)(3).  Fed. R. Civ. P. 23(b)(3).  This issue was also addressed by the Texas Supreme Court in *Stromboe*.   In that case, the Texas Supreme Court de-certified the class because only restitution was determinable by class.  *See Stromboe* at 694.   The Court ruled that all other damages, such as consequential damages, would have to be proved by each of the putative class members separately.  *Id.*  In this case, Plaintiff has not shown that all putative class members have even sustained damages by purchasing the products at issue.  Furthermore, as in *Stromboe*, all damages in this case beside the amounts actually paid to Defendant must be proved separately by each putative class member.  Therefore, damages from the alleged DTPA violations are not appropriate to be decided by way of a class action.

A common question of law cannot apply in this case because, according to the agreement for resort membership, the applicable law governing disputes is the law of the state in which the particular camping resort is located.  State and federal courts have overwhelmingly rejected class certification when multiple states' laws must be applied.  *Stromboe* at 698-99.   Even if these choice-of-law provisions were somehow invalidated,  Texas does not apply the law of a state where a defendant is headquartered to every claim for economic damages that can be alleged against the defendant.  *Id.* at

698.  The Court in *Stromboe* decertified the class because the plaintiff failed to show why Texas law should govern the non-contract claims.  *See Id*. at 697.  The Court noted that many factors must be considered to determine the applicable law, besides the location of the defendant, including (1) the location of the harm and the activity causing the harm, (2) the domicile, residence, place of incorporation, and place of business of all parties, and (3) the place where the relationship between the parties, if any, is centered.  *Id*. at 696.

Here, Plaintiff has wholly failed to demonstrate that Texas law should apply to so many of the claims of the putative class that a common question of law predominates in this case, as required by Rule 23(b)(3).  The agreements for the product from Ocean Canyon designate the applicable law as the law of the state in which the resort is located.  As such, Plaintiff has failed to show that Texas law should apply to putative class members who allegedly purchased Ocean Canyon's products and services outside of the State of Texas and who are governed by the law of the state in which they allegedly entered into the transactions.

## VI.    Conclusion

For the foregoing reasons, the Court should GRANT Ocean Canyon's motion to dismiss all counts of Plaintiff's Class Action Complaint, with prejudice.

Dated:  August 10, 2018           Respectfully submitted,

By: /s/  *Cory J. Floyd*
      Cory Floyd (TX Bar. No. 24049365)
      cory@nortonandwood.com
      Norton & Wood, LLP
      315 Main St.
      Texarkana, TX 75501-5604
      Telephone:  903-823-1321
      Facsimile:  903-823-1325


      *Attorney for Defendant*
      *Ocean Canyon Properties, Inc.*

CERTIFICATE OF SERVICE

I certify that on August 10, 2018, this document was served on counsel of record via

the Court's CM/ECF Document Filing System.


/s/  Cory J. Floyd
Cory Floyd